# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In the matter of | ) |
| | ) |
| VLADIMIR SKAVYSH, | ) |
| | ) |
| Plaintiff/Appellant, | ) |
| | ) No. 12 CV 3807 |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| SOFIA KATSMAN, | ) |
| | ) |
| Defendant/Appellee. | ) |

## OPINION AND ORDER

Plaintiff/Appellant Vladimir Skavysh ("Appellant") filed the instant interlocutory appeal on May 17, 2012, seeking reversal of the bankruptcy court's decision to reject arguments pursuant to 11 U.S.C. § 727 and to grant discharge in bankruptcy to Defendant/Appellee Sofia Katsman ("Appellee"). For the following reasons, the Court grants the appeal. The case is remanded for further proceedings consistent with this Opinion.

## I. BACKGROUND

Appellee filed for Chapter 7 bankruptcy on March 23, 2011. At all times during the proceedings, Appellee was represented by counsel. Appellee thereafter filed an amended Schedule F to her bankruptcy petition, omitting Rhada Eydelman as a creditor. On May 10, 2011, Appellee's § 341 meeting was held and the Chapter 7 trustee entered a report of "no assets" available for distribution from the bankruptcy estate.

Subsequently, Appellant filed an adversary complaint in Appellee's bankruptcy proceeding on September 5, 2011, objecting to Appellee's discharge under 11 U.S.C. §§ 523 and 727. The bankruptcy court bifurcated the claims and proceeded to trial on Appellant's § 727

claims. Appellant argued that Appellee should be denied discharge because she: (1) concealed property within a year of filing her bankruptcy petition in violation of § 727(a)(2); (2) intentionally concealed recorded information in violation of § 727(a)(3); and (3) made false statements with respect to her bankruptcy case in violation of § 727(a)(4)(A).

The trial was held on March 14, 2012, and Appellee testified for approximately three hours. It is undisputed that the bankruptcy court found Appellee's testimony credible. Ultimately, the court found that Appellee did not act with the requisite intent under § 727(a)(4) in her various omissions to her bankruptcy petition. Accordingly, the court denied Appellant's adversary complaint, challenging discharge.

Appellant moved for leave to file appeal of an interlocutory order, which was granted on April 17, 2012, and the appeal was sent to this Court on May 17, 2012. The interlocutory appeal is now fully briefed and before the Court. Oral argument was held on March 15, 2013.

## II. DISCUSSION

### A. Standard of Review

The question presented is whether Appellee possessed the requisite fraudulent intent to be denied discharge under § 727. "Whether [Appellee] possessed the requisite intent is a question of fact, which is subject to the highly deferential 'clearly erroneous' standard of review." In re Davis, 638 F.3d 549, 553 (7th Cir. 2011) (citing Carini v. Matera. 592 F.2d 378, 380 (7th Cir. 1979)). "If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, [the court] will not reverse its factual findings even if [it] would have weighed the evidence differently." Stamat v. Neary, 635 F.3d 974, 979 (7th Cir. 2011) (internal quotation marks and citation omitted).

However, Appellant also questions whether the bankruptcy court applied the proper legal standard in determining fraudulent intent. Application of the proper legal standard to determine fraudulent intent under § 727 is a legal question that the Court reviews de novo. See id. ("We review the bankruptcy court's conclusions of law de novo."); see also Vill. of San Jose v. McWilliams, 2847 F.3d 785, 790 (7th Cir. 2002) (finding that "[t]he construction of the Bankruptcy Code is a question is law . . . review[ed] de novo" in a case where the bankruptcy court was interpreting the application of § 727 (internal citation omitted)); Herzog v. Leighton Holdings, Ltd., 239 B.R. 497, 504 (N.D. Ill. 1999) (reviewing de novo whether the bankruptcy court applied the proper legal standard).

## B. Fraudulent Intent

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" Marrama v. Citizens Bank, 549 U.S. 365, 367 (2007) (quoting Gorgan v. Garner, 498 U.S. 279, 286 (1991)). Pursuant to § 727(a)(4)(A), "[t]he court shall grant the debtor discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To deny discharge under this section, "the Trustee must prove by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." Stamat, 635 F.3d at 978 (internal citations omitted). At issue here is whether the bankruptcy court's finding that Appellee did not possess the requisite fraudulent intent was plausible.

"'Intent to defraud involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression.'"

Cantwell & Cantwell v. Vicario, 464 B.R. 776, 789 (N.D. Ill. 2011) (quoting In re Chavin, 150 F.3d 726, 728 (7th Cir. 1998)). "Actual intent to hinder, delay, or defraud a creditor is required under § 727(a)(2)(A). . . . However, since debtors rarely declare their purpose to defraud their creditors, intent may be proved by circumstantial evidence or by inferences drawn from a debtor's course of conduct." In re Costello, 299 B.R. 882, 895 (Bankr. N.D. Ill. 2003) (internal quotation marks and citations omitted). "[D]ischarge should not be denied where the untruth was the result of mistake or inadvertence. The misstatement or omission must have been made knowingly and fraudulently; mere negligence in not sufficient to deny discharge to debtors." In re Baker, 205 B.R. 125, 132 (Bankr. N.D. Ill. 1997) (internal citations omitted).

### 1. Knowing and Intentional Omissions

Appellant argues that Appellee evidenced her intent to defraud when she knowingly and intentionally omitted four creditors, made up of family and friends, because she intended and felt obliged to pay them back at the expense of other creditors. Indeed, Appellee specifically testified to that fact, under oath during the trial. According to Appellee, the creditors at issue were family and friends who loaned her money for food, shelter, and legal expenses while she was going through what has been described as an "acrimonious" divorce. She testified that "My friends are people who help me, and it's [sic] difficult situation. And I was hope [sic] to pay them back. I couldn't include them and don't—and never pay them. I was thinking I had to pay them back." Trial Tr. 169: 21-25. While Appellee argues that she did not believe that those people were creditors, she, through counsel, admitted at oral argument that several, if not all, of the loans from the four family members and friends were in fact signed notes.

In arguing that her omission was merely an innocent mistake or misunderstanding, Appellee makes much of the fact that she is an unsophisticated person, unfamiliar with the

4

bankruptcy laws. However, people are presumed to know the law, and ignorance of the law is not a defense. See U.S. v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 563 (1971) ("The principle that ignorance of the law is no defense applies whether the law be a statute or a duly promulgated and published regulation."). Furthermore, Appellee was represented by competent counsel at all times, which lessens any leniency that may be given to an otherwise unsophisticated litigant. Nevertheless, the bankruptcy court found that Appellee did not possess the requisite fraudulent intent, despite her omission of the four creditors. Upon reviewing the record in its entirety, however, the Court finds that the bankruptcy court did not apply the proper legal standard, and therefore, the Court need not determine whether the bankruptcy court's factual determinations were clearly erroneous.

### 2. Cumulative Effect

Appellant argues that, in addition to the five-factor test applied by the bankruptcy court, it should have also considered the cumulative effect of Appellee's omissions as a totality of the evidence. Appellee rejects the cumulative approach and contends that it was sufficient for the bankruptcy court to make a separate finding as to each omission. The Court disagrees. It is well established that, as to the fourth factor of the test for a § 727 violation, "[f]raudulent intent may be proven with circumstantial evidence, 'and the **cumulative effect** of false statements may, when taken together, evidence a reckless disregard for the truth sufficient to support a finding of fraudulent intent.'" Cantwell & Cantwell, 464 B.R. at 789 (citing In re Duncan, 562 F.3d 688, 695 (5th Cir. 2009)) (emphasis added). Indeed, "[c]ourts **must** deduce fraudulent intent by examining the **totality of facts and circumstances** surrounding the transaction in question." In re Costello, 299 B.R. at 895 (emphasis added).

In addition to the omission of family and friends as creditors, Appellant points to five additional omissions that the bankruptcy court noted, and individually rejected. The omissions include: (1) Appellee's failure to disclose Appellant as a creditor; (2) Appellee's failure to include alimony payments from 2010; (3) Appellee's failure to include a time share in Las Vegas, Nevada that she co-owned with her ex-husband; (4) Appellee's failure to include her house in Indiana which she co-owned with her ex-husband; and (5) Appellee's failure to include her ex-husband as a co-debtor on the condo which they owned together. At trial, Appellee explained that many of the omissions she simply "forgot" to include, such as the alimony in 2010. As to the time share, Appellee claimed that she did not consider that to be property, and as to the house in Indiana, Appellee claimed that she thought that the property had already been foreclosed. Other omissions, Appellee explained, were based on her reliance on a state-court post-nuptial agreement. For example, she believed that the document listed her as the sole owner of the condo—the marital home where she and her husband lived and jointly owned.

Appellee had an explanation for each omission, and considered individually, some of her excuses seem plausible. However, that is precisely why courts consider circumstantial evidence in determining fraudulent intent, and more specifically, the cumulative effect of the evidence. See Cantwell & Cantwell, 464 B.R. at 789. Taken together, Appellee's omissions are inexcusable and through her "course of conduct," evidence her fraudulent intent. In re Costello, 299 B.R. 895. Appellee knew that she had a duty to report fully and truthfully on her bankruptcy petition. Appellee admitted that she intentionally omitted family and friends whom she wanted to pay back. Although Appellee claims that she did not know her time share in Las Vegas was "property," and she thought her house in Indiana had been foreclosed, she still knew that the properties existed and that she had a duty to report them.

Individually, some of Appellee's omissions could be considered "mere speculations, suspicions, or inferences of possible culpability," In re Johnson, 98 B.R. 359, 367 (Bankr. N.D. Ill. 1988), but taken as a whole, they are circumstantial evidence of Appellee's fraudulent intent requiring a denial of discharge under 11 U.S.C. § 727(a).

### III. CONCLUSION

For the foregoing reasons, the Court grants the appeal and remands the case the bankruptcy court for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 28, 2013